J-S76003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN RAPHAEL JOHNSON, | |
| Appellant | No. 1344 WDA 2017 |

Appeal from the PCRA Order Entered August 16, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):
CP-25-CR-0002847-2014
CP-25-CR-0002848-2014

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 05, 2019**

Appellant, Justin Raphael Johnson, appeals from the post-conviction court's August 16, 2017 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Additionally, Appellant's counsel, Alison M. Scarpitti, Esq., has filed a petition to withdraw from representing Appellant, along with an **Anders**[1] brief. While a **Turner/Finley**[2] no-merit letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Scarpitti's **Anders** brief in lieu of a **Turner/Finley** no-merit letter.  **See**

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

*Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter.") (citation omitted). After careful review, we affirm the PCRA court's order denying Appellant's petition and grant Attorney Scarpitti's petition to withdraw.

The facts underlying Appellant's convictions are not pertinent to his present appeal. This Court previously summarized the procedural history of his case, as follows:

> On May 6, 2015, Appellant entered a negotiated guilty plea to possession of a controlled substance at Docket No. CP–25–CR–0002847–2014, and PWID and possession of a firearm prohibited[4] at Docket No. CP–25–CR–0002848–2014. As part of the negotiated guilty plea, the Commonwealth *nolle prossed* the remaining charges against Appellant.[5]
>
> [4] 18 Pa.C.S. § 6105(a)(1).
>
> [5] At Docket No. CP–25–CR–0002847–2014, the Commonwealth *nolle prossed* two counts of PWID, one count of possession of a controlled substance, and one count of possession of drug paraphernalia. At Docket No. CP–25–CR–0002848–2014, the Commonwealth *nolle prossed* one count of possession of a controlled substance, one count of possession of drug paraphernalia, one count of receiving stolen property, one count of firearms not to be carried without a license, and one count of conspiracy to commit receiving stolen property.
>
> On June 30, 2015, the trial court sentenced Appellant to a term of 40 to 80 months' incarceration on the PWID conviction, a term of 60 to 120 months' incarceration on the possession of a firearm prohibited conviction to be served consecutively to the PWID sentence, and [a] term of 3 years' probation for the possession of a controlled substance conviction to be served consecutively to the possession of firearms prohibited conviction. Appellant's aggregate sentence was therefore 100 to 200 months' incarceration followed by 3 years' probation.

Appellant did not file a direct appeal. However, on September 23, 2015, Appellant filed a [PCRA] petition … claiming ineffective assistance of counsel and seeking the reinstatement of his post-sentence and direct appeal rights. The PCRA court granted Appellant's PCRA petition on January 21, 2016.

On February 19, 2016, Appellant filed a motion for reconsideration/modification of sentence, which the trial court denied on February 22, 2016. On March 21, 2016, Appellant filed a notice of appeal.

*Commonwealth v. Johnson*, No. 420 WDA 2016, unpublished memorandum at 2-3 (Pa. Super. filed Oct. 25, 2016). On appeal, this Court affirmed Appellant's judgment of sentence, *see id.*, and he did not file a petition for allowance of appeal with our Supreme Court.

On January 4, 2017, Appellant filed the timely, *pro se* PCRA petition, which underlies the present appeal. Garrett A. Taylor, Esq., was appointed to represent Appellant but, rather than filing an amended petition, counsel filed a petition to withdraw and a *Turner/Finley* no-merit letter. On July 5, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to deny Appellant's petition without a hearing. Appellant filed a *pro se* response, but on August 16, 2017, the court issued an order denying his petition. Although the court had not ruled on Attorney Garrett's petition to withdraw, Appellant filed a *pro se* notice of appeal. On September 18, 2017, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On October 4, 2017, Appellant filed a *pro se* Rule 1925(b) statement. In response, the PCRA court issued a statement indicating that it was relying on the rationale set forth in its Rule 907 notice to support its dismissal of Appellant's claims.

On October 9, 2017, the PCRA court issued an order denying Attorney Garrett's petition to withdraw. However, after procedural events occurred in this Court that we need not discuss herein, we permitted Attorney Garrett to withdraw, and Attorney Scarpitti entered her appearance on Appellant's behalf. On September 4, 2018, Attorney Scarpitti filed a petition to withdraw and an **Anders** brief. Consequently, before we address the issues Appellant seeks to raise on appeal, we must begin by determining if Attorney Scarpitti has satisfied the requirements for withdrawal.

In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[3] which provides:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

---

[3] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney Scarpitti filed her petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in **Pitts** is inapplicable.

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

**Friend**, 896 A.2d at 615 (footnote omitted).

Instantly, we conclude that Attorney Scarpitti has complied with the requirements of **Turner**/**Finley**. Specifically, in her **Anders** brief, counsel details the nature and extent of her review, addresses the claims Appellant raised in his PCRA petition,[4] and discusses her conclusion that those issues lacks merit. **See Anders** Brief at 8-13. Additionally, counsel served Appellant with a copy of the petition to withdraw and **Anders** brief, advising Appellant that he had the right to proceed *pro se* or with privately retained counsel. Thus, we will now conduct an independent review of the merits of Appellant's claims.

---

[4] As we note later, Attorney Scarpitti neglects to address one issue raised by Appellant, but that error does not compel us to deny her petition to withdraw. **See** Footnote 5, *infra*.

Appellant argues that his trial counsel acted ineffectively by misinforming him about aspects of his guilty plea. Specifically, he alleges that his counsel incorrectly led him to believe that he was pleading guilty to the third-degree felony offense of carrying a firearm without a license, rather than the second-degree felony offense of possession of a firearm by a person prohibited. Appellant also insists that, because of this error by counsel, he did not understand the maximum sentence he faced. Additionally, Appellant claims that his appellate counsel acted ineffectively by not raising this claim of trial counsel's ineffectiveness on direct appeal.[5]

We begin by recognizing that,

> [o]ur standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a

_____

[5] We recognize that Attorney Scarpitti does not address Appellant's claim that his appellate counsel acted ineffectively. However, appellate counsel clearly could not be deemed ineffective for not raising a trial-counsel-ineffectiveness claim on direct appeal, where such claims are properly deferred to collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) (reaffirming the prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA). Moreover, because we agree with Attorney Scarpitti, for the reasons stated *infra,* that Appellant's trial-counsel-ineffectiveness claim is meritless, his appellate-counsel-ineffectiveness claim necessarily fails, as well. **See Commonwealth v. Hannibal**, 156 A.3d 197, 214 (Pa. 2016) (concluding that a claim of appellate counsel's ineffectiveness fails where the underlying claim of trial counsel's ineffectiveness is meritless). Thus, we will disregard Attorney Scarpitti's omission of this claim.

contrary holding. We will not disturb the PCRA court's findings unless the record fails to support those findings.

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for [an] [a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [The] [a]ppellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test. Moreover, trial counsel is presumed to be effective.

*Commonwealth v. Rathfon*, 899 A.2d 365, 368–69 (Pa. Super. 2006) (internal citations and quotation marks omitted).

In the present case, the PCRA court rejected Appellant's ineffectiveness claims because "there is no evidence in the record to support [his] allegation[s]." PCRA Court Opinion in Support of Rule 907 Notice (PCO), 7/5/17, at 4. The court explained that,

[t]o the contrary, [Appellant's] plea establishes he knew the crimes [to which] he was pleading guilty … and the range of punishment for which he was exposed.

- 7 -

[Appellant] signed a Statement of Understanding of Rights Prior to Guilty/No Contest Plea ("SURPGP"). In the presence of the [c]ourt and his attorney, [Appellant] acknowledged under oath that he understood the crimes [with which] he was charged…, the rights he was waiving and the maximum sentences for the crimes to which he was pleading.

Paragraph 4 of the SURPGP states: "I understand that the maximum sentence for the crimes to which I am pleading guilty/no contest is **at Docket No. 2847 of 2014 - Count 3: $25,000/3 years; and at Docket No. 2848 of 2014 - Count 1: $100,000/10 years, Count 5: $25,000/10 years. TOTAL: $15,000/23 years**." (emphasis in original).

Paragraph 5 continues: "I understand that any plea bargain in my case is set forth here and there has been no other bargain and no other promise or threat of any kind to induce me to plead guilty/no contest. The only plea bargain in my case is **at Docket No. 2847 of 2014, [Appellant] will plead guilty to Count 3, consolidating the facts of Count 4. At Docket No. 2848 of 2014, [Appellant] will plead guilty to Counts 1 and 5. In exchange, the Commonwealth will *nolle prose* all remaining Counts at both dockets, with costs on [Appellant]**." (emphasis in original).

It was clearly spelled out for [Appellant] the factual basis of the crimes to which he was pleading and the maximum sentences he could face as a result of his pleas. [Appellant] was fully informed of the terms of his pleas at the plea proceedings and he testified under oath that he understood the extent of his possible punishment.

[The Commonwealth]: And Count 5 alleges on the same date and location you having been previously convicted of an offense within the [C]ommonwealth regarding such conduct[,] which prohibited you from possessing, using, controlling or selling a firearm, specifically, you did, with that prior conviction, possess, at the date and location set above, a loaded Ruger 9 millimeter handgun occurring at Peach and West 54th Street. Thereby, **you did commit the crime of persons not to possess, use or manufacture, sell or transfer firearms, Felony of the second degree. How do you plead to Count 5?**

[Appellant]: **Guilty.**

- 8 -

*Plea Transcript, May 6, 2015, p. 9* [(emphasis added).]

In addition, the [c]ourt engaged [Appellant] in an extensive colloquy to ensure he understood everything before accepting the plea[:]

THE COURT: [Appellant], do you understand everything that's been explained to you so far?

[Appellant]: Yes, sir.

THE COURT: Do you have any questions at all?

[Appellant]: No, sir.

THE COURT: Do you understand the rights that you waive or give up when you enter a plea?

[Appellant]: Yes, sir.

THE COURT: Do you understand each of the offenses at each of these docket numbers that you're entering a plea to?

[Appellant]: Yes, sir.

THE COURT: Do you need any further explanation of them?

[Appellant]: No, sir.

THE COURT: Are you guilty of each of these offenses?

[Appellant]: Yes, sir.

THE COURT: Do you feel like you're being pressured or forced? Has anyone promised you anything to get you to enter the plea?

[Appellant]: No, sir.

THE COURT: Have you had enough time to think about what to do you in your case?

[Appellant]: Yes, sir.

THE COURT: Are you satisfied with the legal representation you've received?

[Appellant]: Yes, sir.

THE COURT: Today, are you under the influence of any substance [that] would affect your ability to know what you are doing?

[Appellant]: No, sir.

THE COURT: Do you understand for sentencing purposes, **you face the possibility of going to jail for 23 years and paying fines of up to $150,000?**

[Appellant]: **Yes, sir.**

THE COURT: Anyone promise you any type of sentence in your case?

[Appellant]: No, sir.

THE COURT: Do you plead knowing and voluntary? Meaning, you know what you're doing and you're voluntarily entering a plea?

[Appellant]: Knowingly.

THE COURT: Okay. Are you voluntarily entering your plea?

[Appellant]: Yes, sir.

*Plea Transcript, May 6, 2015, p. 9-11* [(emphasis added).]

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing his plea which contradict the statements he made at his plea colloquy." **Com[monwealth] v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003) (citing **Com[monwealth] v. Stork**, 737 A.2d 789, 790[-]91 (Pa. Super. 1999)).

[Appellant's] current ineffectiveness claim stands in stark contrast to his voluntary and knowing guilty plea. [Appellant] has failed to sustain his burden of proof that his guilty pleas were unlawfully induced as a result of ineffective assistance of counsel.

[Appellant's] ineffective assistance of counsel argument against appellate counsel for not raising this claim on appeal is also unavailing because counsel is not required to pursue a meritless claim.

PCO at 4-6.

The record supports the PCRA court's reasons for denying Appellant's ineffectiveness claims, and we discern no legal error in that decision. Accordingly, we affirm the court's order and grant Attorney Scarpitti's petition to withdraw.

Order affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2019